426

## CIRCUIT COURT OF FREDERICK COUNTY

Miles

v.

Bradley

April 9, 1973

Case No. (Law) 2916

By JUDGE ROBERT K. WOLTZ

I have reviewed the authority cited by you, the papers in the case, and my own trial notes in order to make a determination on the defendant's motion to set aside the verdict.

The terms of the contract of employment forbade "skating" and provided that a salesman who "skated" would be subject to having his employment terminated. These provisions were express, and that all the parties had actual knowledge of them is not in dispute.

Whether or not there is a liability on the employer to pay the commissions purportedly earned by the skating salesman to the salesman skated upon was not expressed in the terms of employment. The plaintiff maintains that by custom or usage there is implied into the contract of employment a liability to pay such commissions to the "skated" salesman. By its motion to strike the plaintiff's evidence at the conclusion thereof and by its motion to set aside the verdict, the defendant maintains that the evidence of a custom or usage in this respect so as to import it into the terms of the contract was insufficient as a matter of law.

The plaintiff introduced evidence by one witness as to this usage or custom in the business, and the rule in Virginia is that more than one witness is not required

for this purpose. *Southwest Virginia Mineral Co. v. Chase*, 95 Va. 50 (1897). There were indications that this witness was biased and he was contradicted, through the contradictory evidence likewise arose from a biased source. Where evidence of specific instances is used to establish custom, the instances "should be sufficiently numerous to indicate a fairly regular course of business," and in that respect, the discretion of the trial court controls. Wigmore on Evidence, 3d ed., sec. 379. The law requires proof that the usage and custom claimed are "general and notorious." *Southwest Virginia Mineral Co., supra.*

Thus, as a matter of law, the usage and custom must be so universal in its nature within the business and within the area including the particular place where the business was transacted that the defendant was charged with knowledge of and implied acceptance of it.

On mature consideration, it is my conclusion that the evidence of the plaintiff was insufficient to establish the claimed usage and custom in the business to the extent required by law. As a consequence, the verdict will be set aside and a judgment entered for defendant Lake Holiday Estates, Inc.